## William E. Burrell I.B.P.O.E. of W. 737, Liquor License Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Moe Henry Hankin*, with him *Hankin, Hankin and Shanken*, for appellant.

*Edmund P. Hannum*, Special Deputy Attorney General, with him *Horace A. Segelbaum*, Deputy Attorney General and *Robert E. Woodside*, Attorney General, for appellee.

OPINION BY HIRT, J., January 20, 1953:

The appellant, William E. Burrell, I.B.P.O.E. of W. 737, is a subordinate lodge duly chartered by the Grand Lodge of the colored branch of the Benevolent and Protective Order of Elks. On October 11, 1951, the lodge made an application for a club liquor license for the two story block and stucco building at 147 Linden Avenue, North Hills, in Montgomery County. It owned the land and occupied the building for lodge purposes. The quota for such licenses then was not filled and the Liquor Control Board was satisfied that the applicant was a bona fide club. The applicant otherwise qualified and the issuance of such license was not pro-

hibited by any of the provisions of the Liquor Code of April 12, 1951, P. L. 90. The Board refused the license on the authority of §404 of the Code, 47 PS §4-404, which provides that the Board "in the case of a club may, in its discretion, issue or refuse a license". The Board made no findings but in its order indicated that it refused the license because of the protest of the police department as reflected in the testimony of the Chief of Police of Upper Dublin Township, to this effect: "that the particular section of the township in which the club's premises are located has been the scene of considerable difficulty insofar as enforcement of the law is concerned, and . . . the granting of a club liquor license at this location would only add to the problem which now confronts the local law enforcement authorities". In the present appeal the club charges the Board with an abuse of discretion in refusing the application.

The 1951 Code in §464, 47 PS §4-464 provides for an appeal to this court from a decree sustaining the action of the Board in refusing to issue a license. Accordingly our examination of the present record goes beyond the question of the regularity of the proceedings and includes a review of the proofs to determine whether the Board abused its discretion in refusing the license. The exercise of administrative discretion under the Liquor Code is always subject to judicial review. *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398. The lower court recognized that it could not substitute its discretion for that of the Board and that the only question before it was whether the license was refused in a reasonable exercise of discretion by the Board. The court on this issue sustained the action of the Board. In our view the evidence before the lower court charges the Board with an abuse of discretion. The order will be reversed.

At the hearing de novo before the lower court it was established by the testimony for appellant that the lodge now has 80 members and has been in existence for fifteen years; it recently paid off the mortgage on its Linden Avenue property. The officers of the lodge are conceded to be law abiding citizens and in the opinion of the Exalted Ruler of the Lodge a liquor license would be of benefit to the community in its problems of law enforcement rather than the contrary. A deputy representing the Grand Lodge testified that in his opinion a liquor license would be an asset to the community in that it would tend to discourage illegal liquor traffic; and also, in effect, that the Grand Lodge would be interested in insisting that appellant comply with its regulations and all requirements of the law. The Township Commissioners at the hearing did not oppose the grant of the license.

The lower court affirmed the Board solely on the testimony of the Chief of Police of Upper Dublin Township. This is the entire testimony of the officer insofar as it is material to the issue: "Q. What is your opinion as to whether or not a license should be granted? A. I base my objection on the general neighborhood. North Hills, more so now, than in the past, has been quite troublesome to the police department. I will say in all fairness that in the last four or five years, North Hills has quieted down considerably. That is the basis to my objection to it. Certainly our small police department, which comprises myself and four other men, spread over twenty-four hours, they are not falling over themselves at any time, and I thought that this probably might be an increased burden to us". And continuing, when questioned by Judge KNIGHT: "Q. Do you think it would increase the amount of drinking that goes on in North Hills? A. Judge, I don't know whether I could honestly say that or not, because

there is quite a bit of drinking goes on in North Hills. Q. No doubt about that. Do you think the sale of liquor on Sunday would add to your troubles? A. That is what I fear. *I feel also, again, in fairness, that probably a licensed establishment such as a club would be far better as far as our police department would be concerned, than a public drinking place in a settlement of that kind.* Q. Or a speakeasy? A. That's right".

In general, "an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused": *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 176 A. 236. The order of the Board was affirmed in this case on the uncertain testimony of the police officer in disregard of his admission italicized above. His objections were based upon what he considered would probably result from the grant of a license to the appellant lodge for the premises occupied by it as a club. In the light of factual testimony in this record, as to which there is little dispute, the equivocal opinion of the officer as to the probable effect of a club liquor license on the life of the community, cannot even be accepted as a prophesy from any well grounded premise and certainly should not be controlling in this case. There are influences which would impel the club to conform with the law, not the least of which is the power of the Board to revoke the license at any time for cause. Elks clubs in general have justified the confidence implied in the issue of liquor licenses to them. We think the refusal in this case was unjustly discriminatory amounting to an abuse of discretion.

Order reversed and the record is remitted with di-

rection to the Liquor Control Board to issue the license in question.

RHODES, P. J., and RENO, J., dissent.