Zermani Liquor License Case.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Horace A. Segelbaum,* Deputy Attorney General, with him *Harold R. Bair,* Special Deputy Attorney General, *Robert E. Woodside,* Attorney General, and *Lloyd W. Woodward,* for appellant.

*Edward A. Tobias,* with him *Paul N. Barna, D. M. Anderson, Jr.* and *Tobias & Weilersbacher,* for appellees.

Opinion by Reno, J., July 14, 1953:

The 1950 census made available one additional retail liquor license in Carroll Township, Washington County. Seven applications were filed and the Liquor Control Board, after its examiner had held separate hearings upon all the applications, issued a restaurant license to Walter Cox and William Rishert, hereafter called the Cox license or grant. From the Board's order, Henry Zermani, one of the unsuccessful applicants, filed two appeals in the court below; one from the grant of the Cox license and another from the refusal of his application; and John J. Leputa appealed from the refusal of his application. In one order applying to all cases, the court below sustained the appeals, reversed the Board's refusal of licenses to Zermani and Leputa and its grant of the Cox license, and remanded the proceedings to the Board for further consideration. The Liquor Control Board brought three separate appeals to this Court.

I. It is immediately apparent that Zermani had no standing to appeal from the grant of the Cox license. The Liquor Code of April 12, 1951, P. L. 90, §464, 47 P.S. §4-464, so far as here pertinent, provides: "Any applicant who has appeared before the board or any agent thereof at any hearing, . . . may appeal, or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license . . . may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of quarter sessions of the county in which the premises applied for is located . . ." Plainly, the provision limits *applicants'* appeals to the *refusal* of the Board to issue licenses to them and allows *only* churches, hospitals, charities and public play-

grounds to appeal from the *granting* of licenses, and then only upon the ground that the licensed place is within three hundred feet of appellants' premises. Zermani's appeal from the granting of the Cox license should have been dismissed by the court below. It is not entitled to consideration here.

II.   Referring to the appeals of Zermani and Leputa to the *refusal* of their separate applications, we observe that some averments in their appeal petitions attacked the grant of the Cox license.   Of course, since they have no standing to appeal from the granting of that license, they cannot indirectly accomplish that which they cannot do directly.   They cannot collaterally attack the action of the Board.

III.   Recently this Court has said: "The exercise of administrative discretion under the Liquor Code is always subject to judicial review": *William E. Burrell I.B.P.O.E. of W. 737, Liquor License Case,* 172 Pa. Superior Ct. 346, 348, 94 A. 2d 110.   See also *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 83 A. 2d 398.   However, as pointed out in the *Burrell* case, p. 350, quoting from *Mielcuszny v. Rosol,* 317 Pa. 91, 93, 176 A. 236, " 'an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused' ".   This rule requires a party who questions the action of the Board to convince the reviewing court, whether lower or appellate, that *the evidence before the court,* discloses the tokens of abused discretion.

The record before us does not support such a conclusion.   The testimony taken at the separate hearings of the seven applicants has not been printed, and the court below, although authorized by the Liquor Code,

supra, §464, to "hear the application de novo on questions of fact, administrative discretion and such other matters as are involved" took no evidence. Instead the parties stipulated some of the facts herein referred to and others have been garnered from the printed record.

As stated, there were seven applications for one license. Testimony was taken on each application and the Board, following the command in §464, supra, filed "a brief statement in the form of an opinion of the reasons for the ruling or order . . ." In the Leputa application it held "that the applicant is not conducting a bona fide restaurant, and for the further reason that the quota of licenses for the township has been filled . . ." In the *Zermani* case it held that the license "must be refused for the reason that the quota of licenses for the Township has been filled, there being no authority for the issuance of additional retail liquor licenses in excess of the quota . . ."

The court below was of opinion that "The reason assigned, i.e., that the quota had already been filled, is a selfmade and fictitious reason . . ." We cannot approve that assertion. Confronted by seven applications for one available license, the Board was obliged to choose one of the seven and, even assuming that all the applicants were equally qualified, it cannot be said that the Board abused its discretion by selecting one of them and refusing the others. And having selected one, it cannot be said that the refusal of the others upon the ground that the quota was then exhausted was "a selfmade and fictitious reason." It was an honest and truthful reason for the refusal of the Leputa and Zermani applications, and does not reveal an abuse of discretion.

IV. The court below seems to have spelled out an abuse of discretion from the following circumstances.

The Cox license was granted on July 23, 1952, and the applicants were duly notified thereof. No notice of the granting of the Cox license was given to Leputa and Zermani or to the other rejected applicants. Leputa and Zermani were notified of the refusal of their applications on August 13, 1952, twenty days after the granting of the Cox license. Leputa and Zermani were, under §464, supra, entitled to "notice in writing of [the] refusal" of their applications, but they were not entitled to notice of the Cox grant. If Leputa and Zermani possessed a right to appeal from the Cox grant, as the court below held, they undoubtedly would have been entitled to notice. But, as we have demonstrated, they had no standing to appeal, and the omission of notice to them of the Cox grant violated no statutory provision and was not an abuse of discretion.

V. In any event, the court below was not authorized to remand the proceedings to the Board. Under §464, supra, it could "either sustain or over-rule the action of the board and either order or deny the issuance of a new license . . ." Even if that power resided in the court below, nothing would thereby be accomplished, since the Cox license could be revoked only by the Board pursuant to a citation, and for the reasons set out in the Liquor Code, §471, 47 P.S. §4-471.

Since Cox and Rishert are, as we understand it, operating under the license granted by the Board, no action in reference to that license is required of us.

The order of the court below is reversed at appellees' costs.