Zeltner Liquor License Case.

Argued October 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Meyer Umansky,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* for Pennsylvania Liquor Control Board, appellant.

*Calvin E. Pollins,* with him *Pollins & Pollins,* for appellees.

OPINION BY HIRT, J., November 11, 1953:

On January 24, 1952, Harold E. and Clair L. Zeltner filed their application with the Pennsylvania Liquor Control Board for a new restaurant liquor license on premises owned by them in Unity Township, Westmoreland County. Joseph M. Halula and wife, a few days later, made a similar application for a liquor license for the premises in the township which they owned. At that time the quota prescribed by the Act of June 24, 1939, P. L. 806, 47 PS §744-1002 of Unity Township for the retail sale of liquor and malt beverages was 13 and there then were 12 existing licenses chargeable against the quota, leaving only one vacancy under the law. Since there were two applicants for but one available license within the quota, the Board ordered hearings on each of the applications. After investigation of the applicants and of the premises owned by each of them and upon consideration of all of the evidence adduced at both of the hearings, the Board

granted a liquor license to the Halulas for their prop-erty known as Pleasant View Inn. Shortly thereafter the Board by order dated June 24, 1952, refused the grant of a restaurant liquor license to Harold E. and Clair L. Zeltner on the ground that the quota of licenses for Unity Township then was filled. From that order refusing their application for a license the Zeltners appealed to the lower court.

The hearing before the lower court was de novo, and from the testimony the court found on a comparison of the two properties that the premises owned by the Zeltners in its physical aspects and location was better adapted to the service of the public than that of the Halulas. And concluding, from this finding that the Board was chargeable with an abuse of discretion in refusing the Zeltners' application, directed that a license as prayed for be issued to them regardless of the license already issued to the Halulas by the Board. In so doing the lower court in effect assumed that the quota law though limiting the authority of the Board, was not binding on the court. The present appeal by the Liquor Control Board from that order operates as a supersedeas; the license has not issued.

One whose application for a retail liquor license has been refused has no standing to appeal from the grant of a license to another. The Zeltners' appeal to the lower court was a collateral attack on the action of the Board in the prior grant of a license (filling the quota) to the Halulas. Obviously they could not accomplish by indirection what they could not do directly. And we have held that the action of the Board in the grant of a license cannot be questioned collaterally in an appeal by one whose application for a similar license has been refused. *Zermani Liquor License Case*, 173 Pa. Superior Ct. 428, 98 A. 2d 645.

This appeal well might be disposed of adversely to the Zeltners on that procedural ground.

But for reasons more fundamental, the Zeltners may not now question the refusal of the Board to grant a license to them. Both applicants before the Board concededly were proper persons and from investigations ordered by the Board and hearings in accordance with §464 of The Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-464 it was found, and the appellees admit, that the premises of each of the applicants complied with the requirements of the law and the regulations of the Board in every respect. It thereupon became the duty of the Board to decide between them, and in granting the one application and refusing the other the Board exercised a discretion which under the circumstances was exclusively within the authority delegated to it by The Liquor Code. There was no administrative abuse of discretion in the grant of the license to the Halulas, rather than to the appellees, and the court was without authority to substitute its discretion for that of the Board. The court in ordering that a license issue to the Zeltners assumed authority which it did not have in another respect. The Board could not have granted both liquor licenses since there was but one vacancy in the existing quota for the township and clearly the provisions of the Quota Act of 1939, supra, are limitations on the power of the courts as well as of the Board. Cf. *Whitford Liquor License Case*, 166 Pa. Superior Ct. 48, 70 A. 2d 708; *Pine Grove H., H. & L. Co. Liquor Lic. Case*, 167 Pa. Superior Ct. 194, 75 A. 2d 15.

Order reversed at appellee's costs.