Rizzo Liquor License Case.

Argued October 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Anthony Cavalcante,* for appellant.

*Meyer Umansky,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, for appellee.

OPINION BY RENO, J., December 29, 1953:

On April 1, 1949 Frank Rizzo applied to the Pennsylvania Liquor Control Board for a hotel liquor license and amusement permit for premises located in Springhill Township, Fayette County. After a hearing the Board filed an opinion and order refusing the

license, and the applicant thereupon appealed to the court below. After a hearing de novo an order was filed dismissing the appeal, affirming the findings, and sustaining the action of the Board. Exceptions thereto were overruled and dismissed by the court en banc and the order dismissing the appeal and sustaining the action of the Board was affirmed. This appeal by the applicant followed.

George Rizzo, brother of appellant, and other members of his family, operated a licensed restaurant known as "The Wagon Wheel" in the village of Lake Lynn, Springhill Township, Fayette County, and employed Frank Rizzo, appellant, as a bartender until the establishment was sold late in 1945 or early in 1946. Approximately three years thereafter, George and Elizabeth Rizzo purchased an old homestead in the said village of Lake Lynn, which had formerly been operated as a boarding house. After some remodeling, an application for a hotel liquor license and amusement permit for the premises was filed by George and Elizabeth Rizzo. The order of the Liquor Control Board refusing this application was sustained by the Court of Quarter Sessions of Fayette County. Shortly thereafter George and Elizabeth Rizzo sold the equipment and fixtures of the remodeled boarding house to Frank Rizzo. The premises for which the license is applied was purchased by appellant from his father and mother. After making minor repairs the application in question was filed with the Pennsylvania Liquor Control Board.

The opinion filed by the Board refusing the license is in part as follows: "On August 3, 1949, a hearing upon said application was held after notice to the applicant as required by law. At the said hearing, which was attended by the applicant and his counsel the evidence adduced established the following facts: 1. It

appears that the applicant has attempted to create a semblance of a hotel for the sole purpose of obtaining a retail liquor license in excess of the quota prescribed by law for the township wherein the establishment is located. 2. A protest previously filed against the issuance of a retail liquor license to George and Elizabeth Rizzo, who previously filed an application for hotel liquor license in the same premises, has been revived against the application by counsel for the protestants. The testimony also reveals that the applicant is not a person who bears general good reputation as a law abiding citizen and, therefore, would not be a proper person in the light of said testimony to hold a liquor license afforded under the laws of this Commonwealth. Under the above related facts, the Board is of the opinion that this application for hotel liquor license and amusement permit should be refused."

The Liquor Code of April 12, 1951, P. L. 90, §464, 47 P.S. §4-464, provides for an appeal to this Court from an order or decree sustaining the action of the Board in refusing to issue a license. On such appeal the examination by the appellate court of the record goes beyond the question of the regularity of the proceedings and includes a review of the proofs to determine whether the Board abused its discretion in refusing the license. *William E. Burrell I.B.P.O.E. of W. 737, Liquor License Case*, 172 Pa. Superior Ct. 346, 94 A. 2d 110. See *Zermani Liquor License Case*, 173 Pa. Superior Ct. 428, 98 A. 2d 645.

The principal and most substantial ground on which the Board based its refusal is the finding that appellant was not a person of good repute as a law abiding citizen.

Section 404 of the Liquor Code, 47 P.S. §4-404, governing the issuance of hotel, restaurant and club liquor licenses provides that "Upon receipt of the ap-

plication, the proper fees and bond, and *upon being satisfied . . . that the applicant is a person of good repute, . . .* that the applicant seeks a license for a hotel, restaurant or club, as defined in this act, . . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, . . ." (Emphasis added.) Also, §§102 and 463 of the Code, 47 P.S. §§1-102, 4-463, emphasize the requirement of good reputation in an applicant for a hotel liquor license by including in the definition of "hotel" the following phraseology: " 'Hotel' shall mean any reputable place operated by *responsible persons of good reputation . . ."* (Emphasis added.)

In the instant case there is ample credible testimony to support the finding of the Board that the appellant was not a responsible person of good reputation. A protest was filed with the Board against the issuance of this license and witnesses were heard at the hearing by the Board as well as by the court. The witnesses who testified in support of the protest were all residents of Lake Lynn for many years and were all familiar with "The Wagon Wheel" where appellant worked as a bartender before he purchased the premises for which he now seeks a license. They had known appellant for many years and were familiar with his activities while he worked at "The Wagon Wheel". Their testimony reveals a pattern of regular conduct at this tavern which included gambling, serving beer on Sundays, permitting intoxicated persons on the premises, and frequent fighting among the patrons. Several witnesses testified that appellant served them beer on Sundays and that he participated in the gambling activities. All testified that the general reputation of "The Wagon Wheel" was notoriously bad during the time appellant worked there as a bartender and that his reputation was very poor. Some of the

witnesses also testified that beer was sold on the premises of The Lake Lynn Hotel before the application for a hotel license was filed with the Board. The only witnesses who testified that appellant was a responsible person of good reputation were mainly individuals who lived miles away from the vicinity and could not have observed the operation of the premises. There was no testimony by any of these witnesses concerning the operation of "The Wagon Wheel" or the activities of appellant while employed there. As the court below stated: "From the testimony it appears that this applicant while an employee of another establishment as a bartender had violated the liquor laws and further that he had permitted violations to occur on the premises for which this application was filed, and before a license had been received. It appears from the testimony that this applicant is not a proper person to hold a liquor license afforded under the law of this Commonwealth." The evidence completely sustains that conclusion.

Order affirmed at appellant's costs.