## Haase Liquor License Case.

Argued March 26, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Louis Sager,* for appellant.

*Edmund P. Hannum,* Special Deputy Attorney General, and *Paul I. Guest,* with them *Horace A. Segalbaum,* Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal from an order of the Court of Quarter Sessions of Montgomery County dismissing an appeal from the order of the Pennsylvania Liquor Control Board refusing appellant's application for a new restaurant liquor license.

The appellant applied for a new restaurant liquor license for 281-283 Montgomery Avenue, Lower Merion Township. The premises sought to be licensed were at that time 298.02 feet from a church which protested against the granting of the license. The board refused to grant the license and its decision was upheld by the lower court on appeal. The appellant then removed a corner of his building so that the distance from the church to the premises sought to be licensed is now 301.35 feet. Appellant then filed a new application for a license which, after a hearing before the board was refused. An appeal was then taken to the lower court

where the case was heard de novo by the court in banc. At the hearing on the new application before the board and the Court the church was a protestant. At the hearing in court it further appeared that the fire house and meeting place of the Union Fire Association of Lower Merion Township is located 273 feet from the premises sought to be licensed. This fact was not expressly considered by the board. The court, on ample evidence, found the fire company to be a charitable institution within the meaning of the Liquor Control Act and dismissed the appeal and affirmed the decision of the board.

The appellant argues that the discretion of the Liquor Control Board was eliminated when the appellant removed a portion of the building placing the premises proposed to be licensed 301.35 feet from the protesting church. A number of lower court decisions were cited but this issue was determined by us in the *Rizzo Liquor License Case,* 174 Pa. Superior Ct. 143, 100 A. 2d 135, where, in a similar situation, Judge Hirt said: "The building housing the proposed licensed premises in its outer aspects remained the same in its relation to the school as when the first proceeding was brought. And the argument is specious which insists that the Board must be deprived of discretion by the moving of a partition in the room, which a license is sought to be transferred, so that by a matter of inches the premises may come to be more than 300 feet from the school. And the provision of §404, quoted in the margin, in our view does not negative discretionary authority in the Board to consider the distance of the premises from the school in this case, viz: but 3 inches over the statutory line as one of the elements which with others, called for a refusal of the transfer. Obviously the 'derogatory effect on the children attending the school' was not in fact elimi-

nated by the minor structural change made by the applicants to make the premises comply with the law in formal respects."

It was also argued that the court on appeal, after finding as a fact that a non-protesting fire company is a charitable institution located within 300 feet of the premises proposed to be licensed, cannot for that reason sustain the board's refusal when the board did not mention the fire company in its opinion. This argument is answered in *Subers Liquor License Case,* 173 Pa. Superior Ct. 558, 98 A. 2d 639. In that case the board refused to grant a new restaurant liquor license and in its opinion did not include in its reasons for refusal the fact that the Oakmont Fire Company No. 1 was located about 52 feet from the premises proposed to be licensed. On appeal evidence was presented to show that the fire company was a charitable institution and the court so found. The lower court held that the matter was de novo and exercised its discretion against the issuance of the license. The Superior Court affirmed this order. It is true that in that case the fire company protested, whereas in the instant case the fire company has not protested. This, in our opinion, is of no consequence. The discretion granted by the Legislature is to the board and the court and not to the restrictive institution. See also to the same effect *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, at pages 255, 256, 10 A. 2d 899, where President Judge KELLER said: "We call attention to the fact that under the Act of 1937, supra, the hearing in the Quarter Sessions on appeal is de novo, and that the court may sustain the refusal of a license for different reasons from those given by the Board or for reasons additional to those stated by the Board."

The lower court did not substitute its discretion for that of the board. It found a new fact which en-

abled it to reach the same conclusion as that reached by the board.

There was no abuse of discretion either by the board or by the lower court.

The order of the court below is affirmed at appellant's cost.