## Her-Bell, Inc. Liquor License Case.

Argued April 20, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

Order entered dismissing appeal. Applicant appealed.

*Abraham J. Levinson,* for appellant.

*Russell C. Wismer,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney

General and *Frank F. Truscott*, Attorney General, for appellee.

OPINION BY RHODES, P. J., August 30, 1954:

The same question has been raised on this appeal as was decided in *Booker Hotel Corporation Liquor License Case*, 175 Pa. Superior Ct. 89, 103 A. 2d 486.

Appellant has appealed from the order of the Court of Quarter Sessions of Philadelphia County sustaining the action of the Pennsylvania Liquor Control Board in refusing to transfer a certain restaurant liquor license to premises located on the southeasterly corner of Thirteenth Street and Columbia Avenue, in the City of Philadelphia, and designated as No. 1238 Columbia Avenue.

In refusing the transfer the Board found:

"1. The premises proposed to be licensed are located within 300 feet of three churches, the Calvary Pentecostal Holiness Church; the Little Rock Baptist Church; and the Commandment Keepers of the House of God, Holy Church of the Living God the Pillar of Truth.

"2. A protest has been filed on behalf of the Calvary Pentecostal Holiness Church in opposition to the transfer of the retail liquor license to these premises within 300 feet of the church property."

The order of the Board was predicated on §404 of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §4—404, which provides: ". . . That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, . . ."

An appeal was taken from the Board's order to the Court of Quarter Sessions of Philadelphia County, and the matter was heard de novo by that court as provided in §§464 and 468 of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §§4—464, 4—468.

The testimony in the proceeding before the Board was submitted to the court by agreement of counsel and incorporated in the record. The record was supplemented by the testimony of one witness and a number of photographic exhibits.

The court below made no finding different from that of the Board, and it determined that the Board had not abused its discretion in refusing the transfer.

Appellant's principal contention that the court below erred in not exercising its own independent discretion has been fully discussed and decided by this Court in the *Booker* case, supra, wherein we said (pages 92, 93 of 175 Pa. Superior Ct., page 488 of 103 A. 2d, allocatur refused): "It was not for the court below to substitute its discretion on the same facts as found by the Board. On such facts it was for the court to determine whether the Board had abused its administrative discretion. . . . The court of quarter sessions is not authorized to exercise *administrative discretion;* this is vested in the Board. As said in Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 511, 83 A. 2d 398, 400: 'There is a marked distinction between a court substituting its judicial discretion for a bureau's administrative discretion and a court, in the exercise of its judicial discretion, finding a bureau guilty of an abuse of its administrative discretion.'"

The evidence presented supports the finding of the Board and the court that the three churches are located within three hundred feet of the premises proposed to be licensed by the transfer. The Calvary Pentecostal Holiness Church protested the transfer;

and appellant's contention that it is not a "church" within the contemplation of the Liquor Code is without merit. "Used in its primary and more general meaning, the word 'church' may be defined as a building consecrated to the honor of God and religion, with members of the congregation using it united in the profession of the same Christian faith." 76 C. J. S., Religious Societies, §1, p. 736. The size of the building or of the place used for worship does not necessarily determine whether it is or is not a church, that is, a building or part thereof regularly used for religious worship; nor is the number of parishioners a determining factor.

In those cases relating to tax exemption under Article IX, §1, of the Pennsylvania Constitution, it has been held that an actual place of religious worship contemplates a place where people statedly join together in some form of worship; and that it is the present use, not the type of building, which is determinative. See *Philadelphia v. Overbrook Park Congregation,* 171 Pa. Superior Ct. 581, 91 A. 2d 310.

In the present case it was shown that religious services were regularly conducted in the Calvary Pentecostal Holiness Church, which was within one hundred forty feet of the proposed licensed premises. The church was located on the first floor of the building with a church sign on the exterior, and the inside was furnished with chairs and an altar; and it was used exclusively for the conduct of religious services.

The Calvary Pentecostal Holiness Church was a protestant before the Board, and its pastor was a witness. The two other churches did not object to the transfer of the license. We think this is immaterial. Where any church is within three hundred feet of the place proposed to be licensed by a transfer, the Board may in its discretion refuse such transfer under §4—404 of the Code, 47 PS §4—404. The exercise

of the Board's discretion is not contingent upon the existence of a protest by the restrictive institution. *Haase Liquor License Case,* 175 Pa. Superior Ct. 618, 106 A. 2d 865.

A protest had been filed on behalf of residents and businessmen of the community in opposition to the proposed transfer. Appellant questions the validity of such a protest. The court below adequately answers appellant's argument when it says: "Whether the Board would be warranted in refusing the application solely on the ground of such protests need not be considered in this case since the existence of a church within the prescribed distance would in itself be sufficient ground upon which to base the Board's refusal."

Order is affirmed at appellant's costs.

ERVIN, J., concurs in result.