## Haase Liquor License Case.

Argued March 21, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Paul I. Guest,* for appellant.

*William N. J. McGinniss,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for Liquor Control Board.

*Harry W. Steinbrook,* with him *Blanc, Steinberg, Balder & Steinbrook,* for applicant, licensee.

OPINION BY HIRT, J., October 1, 1957:

Charles Haase has conducted a restaurant on the premises at 281-283 Montgomery Avenue in Bala-Cynwyd, for more than five years. In May 1955 he applied for the transfer of an existing liquor license to the above premises. The Liquor Control Board after a thorough investigation of the applicant, the premises, and the nature of the business conducted by him, approved the transfer on August 22, 1955. From that order of the board the Bala-Cynwyd Methodist Church, alleging that it was an aggrieved party, appealed to the Court of Quarter Sessions of Montgomery County. That court after hearing de novo affirmed the order of the board and approved the transfer. Inasmuch as the board *allowed* the transfer, it was not obliged, under

§464 of the Liquor Code of April 12, 1951, P.L. 90, 47 PS §4-464, to state the reasons for its action nor to make findings of fact upon which the order was based. In the absence, however, of any fact-finding by the board the lower court properly made its own findings. *Hotchkiss Liquor License Case,* 169 Pa. Superior Ct. 506, 508, 83 A. 2d 398. The present appeal is from the order of the lower court affirming the action of the board.

These facts, reflected in the findings of the lower court, are supported by testimony as to which there is little if any dispute. In June 1952, the appellee had applied for a new restaurant liquor license for the same premises. The action of the board in refusing the license was sustained by the lower court as a proper exercise of discretion by the board. The premises then were within 300 feet, to-wit: 298.02 feet, of the church property of the present appellant and the action of the board, in the exercise of the discretion conferred upon it by §404 of the Liquor Code, 47 PS §4-404, was based upon that fact. In March 1953, after a corner of the restaurant building had been removed, increasing the distance from the church to 301.35 feet, this appellee filed a second application for a new restaurant liquor license which also was refused. We ultimately affirmed the lower court, in sustaining that action of the board, in *Haase Liquor License Case,* 175 Pa. Superior Ct. 618, 106 A. 2d 865, following the applicable principle of *Rizzo Liquor License Case,* 174 Pa. Superior Ct. 143, 100 A. 2d 135, in a similar situation. In February 1955 appellee again sought to obtain a new liquor license but the application was returned by the board because the quota then was filled.

The action of the board, sustained on appeal in each of the prior proceedings, where the grant of a new license was refused, did not bar the present application

nor establish the "law of the case" here. In our recent case of *DeAngelis Liquor License Case*, 183 Pa. Superior Ct. 388, 133 A. 2d 266, we referred to the settled law on the subject thus: " 'The question of conclusiveness and finality of any administrative determination involves many factors, including the terms of the statute, the substance and effect of the order.' West Penn Power Company v. Pennsylvania Public Utility Commission, 174 Pa. Superior Ct. 123, 128, 100 A. 2d 110, 113. In 425-429, Inc. Liquor License Case, supra, 179 Pa. Superior Ct. 235, 242, 116 A. 2d 79, 83, where a similar contention with respect to the Liquor Code was presented, we said: 'We are of the opinion, however, that the doctrine of res judicata is not applicable to this situation. The Liquor Code makes no restriction regarding the number of times a person may apply for a transfer, despite the fact that it fully and in great detail encompasses the field of liquor licensing and regulation. Had the legislature intended that there be a limit on the applications, so basic a matter, it would have so provided.' "

Two months prior to the date of the present application the appellant bought a 43-foot lot fronting on Levering Mill Road, adjoining the church property on the south. The property is now used as a playground for the children of the church and as a parking lot on Sundays. The air-line over-the-roof-tops distance between the appellee's restaurant building and the nearest point of the church property is now 270.9 feet. There have been other and material changes since the prior applications. Numerous places of business especially along Montgomery Avenue characterize the neighborhood as commercial. Automobile and truck traffic is heavy—at times "bumper to bumper"—especially on Levering Mill Road as a feeder to the Pennsylvania Turnpike.

It is admitted that the applicant has a "splendid character and the place, a fine reputation". Appellee intends to install only a small service bar on the premises and the sale of liquor will be entirely incidental to the main business of the restaurant. The church has a large congregation, and as many as 500 persons attend the church school each Sunday. The restaurant however will be closed Sundays and there is no evidence that its licensed operation would be detrimental to the neighborhood or to those who attend the Vacation Bible School, for two weeks in the summer, nor the 160 people who attend the various weekly activities of the church.

The legislature has provided in §404 of the Liquor Code, supra: ". . . , That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church. . ." The above administrative discretion is lodged exclusively with the board. And where a church is within three hundred feet of the place proposed to be licensed, by transfer, the board *in its discretion* may refuse such transfer, but by the same token and in the exercise of the same discretion, the board in the alternative may approve the transfer. In commenting on a similar provision of the Code, RHODES, P.J., in *DeAngelis Liquor License Case,* supra, stated: "We have repeatedly said that in applying this section the administrative discretion rests with the board. Recently, in 425-429, Inc. Liquor License Case, 179 Pa. Superior Ct. 235, 240, 116 A. 2d 79, the limitation of three hundred feet was reviewed by this Court with respect to its meaning and the extent of the board's discretion. Summarizing the matter, we said (page 240 of 179 Pa. Superior Ct., page 82 of 116 A. 2d) : 'In other words, the legislature

determined as a matter of policy that when one of the enumerated institutions is within 300 feet, that alone, without any other evidence concerning reputation of the parties, the need in the neighborhood for a respectable place to dine, etc., is sufficient upon which to base a refusal to grant or transfer a license. If, however, the board is convinced that these and other factors are present and that the licensing would not be detrimental to the welfare, health, peace and morals of the neighborhood including the peace and welfare of the religious institution, then it may, in *its* discretion, allow the transfer.' "

The board, here, in the exercise of a reasonable discretion determined that the transfer of the liquor license to the appellee would not be detrimental to the neighborhood in general nor to the appellant church in particular, notwithstanding the fact that there were other licensed places in the immediate area. We are unable to find an abuse of discretion in the action of the board and we, therefore, may not disturb the order.

Order affirmed.