## Gay Nineties License

*Joseph G. Feldman* and *Josef Jaffe*, for appellant.

*Russell C. Wismer*, for Pennsylvania Liquor Control Board.

MILNER, J., February 18, 1960.—The Gay Nineties, Inc., is the holder of restaurant liquor license no. R-13742 and amusement permit no. AP-2676 for premises 806-08 Race Street, Philadelphia. The licensed premises are known as "The Gay Nineties". On April 7, 1959, the Pennsylvania Liquor Control Board issued a citation against the Gay Nineties, Inc., charging that the licensee by its servants, agents or employes, permitted entertainers to contact and/or associate with patrons on the licensed premises on December 1, 3, 5, 8, 12, 18 and 29, 1958. The licensee filed a waiver with the Liquor Control Board on April 20, 1959, waiving a hearing on the citation and admitting the charges contained therein. The board then on July 10, 1959, filed its opinion and order suspending the licensee's license for a period of 25 days. Notwithstanding the fact that the licensee waived a hearing and admitted the charges made against it, the Gay Nineties, Inc., appealed to this court, and the matter was heard before this court de novo on January 28, 1959.

The sole question before this court is whether or not the order of the board is an abuse of its administrative discretion.

The Pennsylvania Liquor Code of April 12, 1951, P. L. 90, sec. 471, 47 PS §4-471, provides that if the board is satisfied that a violation of the Liquor Code has occurred, it shall immediately suspend or revoke the license.

As stated above, the licensee originally admitted all the allegations contained in the citation, but after the penalty was imposed by the board, it evidently became dissatisfied with the board's order and now, in effect, asks this court to substitute its discretion for that of the board. This the court cannot do inasmuch as we are unable to find in this case any facts different from those admitted by appellant before the board. See William E. Burrell I. B. P. O. E. of W. 737 Liquor License Case, 172 Pa. Superior Ct. 346; Zermani Liquor License Case, 173 Pa. Superior Ct. 428; Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89.

The testimony before this court on behalf of the board was given by two enforcement officers of the Liquor Control Board who testified that on each of the dates in question they entered the establishment of the licensee. The time of entrance varied from 9:30 p.m. until 11 p.m. and the agents remained on the premises approximately 45 minutes on each occasion. They testified specifically that on each occasion they observed one or more of the five female entertainers "drinking with male patrons." The officers testified that on December 18, 1958, an entertainer, one Joy, later identified as Joy Lynn, sat alongside of Officer Laing and conversed with the officers and both officers purchased a drink for her at her request. The officers testified that on December 29, 1958, an entertainer, Mary Olsen, sat with the officers and that each officer bought her a drink.

The only specific denial to this testimony at the hearing before this court, on behalf of the licensee, was

made by the entertainer Joy Lynn, who testified that she "never solicited a drink" from the officers. However, Michael Kownatzki, a bartender at the licensed establishment, testified under cross examination that he saw the girl entertainers drinking "with a husband, or a fiance, in the case of Joy" and that in those cases it "could have been at a table or the bar."

Sam Segal, the president and manager of the licensed establishment, testified that he instructs every entertainer that there is to be no soliciting of drinks or tipping from patrons. He further testified that he has a sign to that effect posted in the dressing room of the entertainer. Under cross examination, Mr. Segal admitted that he saw the husband of one of the entertainers come in to get her almost every night and that he saw him sitting down at the bar and drinking with her.

The licensee did not contradict the testimony of the officers, but attempted to show that the board abused its discretion in the matter of the penalty imposed by testifying he instructed his entertainers not to drink or mingle with patrons and that when they sat at the bar and conversed and drank it only occurred with a husband or finance. In our opinion, the licensee's contention is unsound.

Regulation 110.02D provides:

"No licensee shall require, request or permit any person engaged directly or indirectly as an entertainer in the licensed establishment or in any room or place connected therewith, to contact or associate with the patrons in such establishment, room or place for any purpose whatsoever."

The licensee's amusement permit was granted to appellant as the holder of a restaurant liquor license upon the payment of a further license fee and is not in a separate category from its liquor license. See Cava-

naugh v. Gelder et al., 364 Pa. 361 (1950) ; Tahiti Bar, Inc., Liquor License Case, infra.

If the above regulation were to be construed by the courts to excuse an entertainer who is drinking with her husband, or fiance, or friend or relative, enforcement of this regulation would be next to impossible. This was recognized by our Supreme Court in the case of Tahiti Bar, Inc., and Lehigh Casino, Inc., 395 Pa. 355, wherein Justice Benjamin R. Jones, in discussing this regulation, held:

"A regulation which contained the excepted conduct on the part of the entertainers advocated by appellants would by its very terms doom the regulation and render impossible its execution and enforcement."

The evidence before this court is more than sufficient to sustain the action and order of the board.

In the opinion of the Liquor Control Board, it not only accepted the admission of violations by appellant but also reviewed the previous citations against it. This review shows that a citation was issued against the Gay Nineties' license which expired October 31, 1956, which resulted in a 20-days' suspension for sales to minors, for which an offer of compromise was accepted. A citation was issued against its license which expired October 31, 1957, which resulted in a penalty of 20 days' suspension for sales to visibly intoxicated persons, for which an offer of compromise was accepted.A citation was issued against its license which expired October 31, 1958, for permitting entertainers and/or employes to contact and/or associate with patrons, for which a compromise was also accepted. With this record before it, the Liquor Control Board in the exercise of its administrative discretion justifiably refused to again accept a compromise.

For the reasons given above, we are of the opinion that the Pennsylvania Liquor Control Board in this case cannot be charged with an abuse of its adminis-

trative discretion and, therefore, the appeal should be dismissed. We accordingly enter the following

### Order

And now, February 18, 1960, the order of the Pennsylvania Liquor Control Board suspending the restaurant liquor license issued to the said Gay Nineties, Inc., for premises 806-08 Race Street, Philadelphia, for a period of 25 days is affirmed and the appeal is dismissed.