## Amsden License

*Patrick T. Sullivan*, for appellant.

*John P. Harrington*, Deputy Attorney General, for Commonwealth.

SHELLEY, J., April 7,1961.—The record of the secretary indicates that subsequent to January 29, 1959,

(1) petitioner received a letter of warning for operating at a speed of from five to 10 miles per hour over a legal limit of 50 miles per hour; (2) on August 8, 1960, his operating license was suspended because of his conviction in New Jersey for speeding at the rate of 64 miles per hour in a 50-mile per hour zone. The record also indicates that the instant conviction of petitioner which was for "following too closely," although a second conviction under the provisions of The Vehicle Code of April 29, 1959, P. L. 58, was, in fact, only a first conviction of the offense of "following too closely."

It appears that what the secretary did was to consider the warning letter sent for the offense committed on January 29, 1959, as a penalty imposed upon petitioner and that the suspension for the offense in the instant case was the third penalty imposed upon petitioner and subjected him to the penalty provided for the third offense for "following too closely," which is three months' suspension, when, in fact, it was actually petitioner's first offense of "following too closely."

A letter of warning is not a penalty.

Warning, as defined in Webster's New International Dictionary, is "the act or fact of putting one on his guard, of intimating danger, evil consequences, or penalties, of an act or course of conduct, . . . an admonition."

The term "penalty" involves the idea of punishment, . . . "Penalty," in its broadest sense includes all punishment of whatever kind, and in the broad sense it is a generic term which includes fines as well as other kinds of punishment: 31A Words and Phrases, pp. 416, 417. We conclude that a letter of warning is not a penalty.

The next question to be resolved is whether the secretary should have subjected petitioner to the penalty for the third conviction for "following too closely" in-

stead of inflicting a penalty for the first offense of "following too closely."

There is no provision in the schedule of penalties where consecutive convictions are for different offenses under The Vehicle Code and where the schedule of penalties provides for different periods of suspension for the subsequent convictions. This omission tends to cause an inequitable application of penalties as is illustrated in the instant case where petitioner, with a record of one warning, one suspension of an offense which provides for 30 days' suspension and of an offense which provides for a 15 days' suspension, was subjected to the same penalty applicable to one convicted for the third time of "following too closely" which is three months' suspension, when, in fact, it was actually petitioner's first offense of "following too closely."

The schedule of penalties set up by the secretary is intended as an informative guide not only for the secretary to follow but is notice to all persons including those to whom motor vehicle operators' licenses have been issued. The interpretation of the schedule of penalties is ambiguous as to penalties for consecutive convictions of different offenses and makes its application inequitable and the enforcement discriminatory.

The power conferred by The Vehicle Code, supra, upon the Secretary of Revenue is an administrative and not a judicial function (Commonwealth v. Emerick, 373 Pa. 388, 392 (1953), and the discretionary power of an administrative body does not make it wholly immune from judicial review: Eways v. Reading Parking Authority, 385 Pa. 592 (1956) ; 425-429, Inc. Liquor License Case, 179 Pa. Superior Ct. 235 (1955) ; Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506 (1951).

Under this schedule of penalties, a warning letter cannot be considered as a penalty.

*Conclusions of Law*

1. There was an abuse of discretion by the secretary in imposing the penalty of suspension.

2. The appeal of petitioner must be sustained.

*Order*

And now, April 7, 1961, petitioner's appeal is sustained and the order of the Secretary of Revenue suspending petitioner's license for a period of 3 months is reversed and the secretary is directed to restore to petitioner his operator's license.