## Antler Cafe Application

*Earl J. Mellman,* for appellant.

*J. Leonard Langan,* Assistant Attorney General for Pennsylvania Liquor Control Board.

DOWLING, J., November 17, 1972.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to approve the transfer of a license.

Antler Cafe, Inc. (hereinafter called appellant) filed a person-to-person application for transfer of a hotel liquor license from Peter Pope (hereinafter called transferor) for premises at 334-36 Verbeke Street, Harrisburg. A hearing on the said application was held before an examiner of the Pennsylvania Liquor Control Board (hereinafter called appellee) after which the board, by order of September 13, 1972, refused to approve the application for transfer. The opinion stated that the rejection was based upon the establishment of the fact that the purpose of the transfer from an individual to a corporation was merely to establish a new file in the name of the corporation devoid of prior citations against the individual transferor.

The testimony before the board which was incorporated by agreement into the record before the court established beyond any question that the transferor bore a good personal reputation although the premises, because of previous citations, were somewhat suspect. At the hearing before the court, counsel for appellee agreed that the sole reason for the refusal was that the transfer would present the owner with a clean bill of health. Antler Cafe, Inc., is a corporation owned solely by Mr. Pope and his wife. Thus, by donning the corporate hat, the owner also acquired a new suit of clothes. This, the board says, cannot be.

Our first inquiry is a factual one; that is, what evidence supports appellee's finding *as a fact* that the purpose of setting up the corporation and seeking the transfer to it from the individual is simply to avoid the stigma of prior citations. The notice directing that a hearing be held concerning the application for transfer raised questions as to the reputation both of the premises and the transferor but said nothing about inquiring into the purpose of changing from an individual to a corporation status. There was no testimony developed

either way on this question before the board. The corporation was chartered in April of 1966. In the hearing before the court, Mr. Pope testified that the purpose of the transfer was to separate his bail bond business from the operation of the hotel. He emphatically denied that it was done to avoid his past record of citations. Appellee admits as much because the so-called finding of fact does not recite any facts but merely states that it is apparent by the nature of the transfer that the purpose was to establish a new file.[1] In appellee's brief, it is stated that the mere creation of the corporation, in view of the past record of the transferor's license business is "substantial, legal, competent evidence to support the appellee's finding of fact that the corporation was created to avoid the past history of the transferor."

It is true that because of the change in name, this result will follow. But can we infer from this that the sole reason for the transfer was to bring it about? Simply because a certain result follows does not mean that the sole purpose of the action was to achive this goal. This is particularly true in this case where the record is devoid of any evidence except this inference, and, on the contrary, the transferor testifies to a logical legitimate reason; namely, to separate other business interests.

Even assuming that such was the intent of the transfer, we have grave doubts that this would constitute a valid reason for refusal. There is no evidence that the premises and the business conducted therein fails to meet the requirements of the code, or that the

---

1. It is apparent by the nature of the transfer that Peter Pope has set up the transferee corporation in order to establish a new file in the name of the corporation without the history of citations against the license of the transferor.

applicant for transfer is not of good repute. If all the statutory requirements are met, the board has no discretion in granting or refusing the transfer of a liquor license: Obradovich Liquor License Case, 386 Pa. 342 (1956); Lousil, Inc. v. Liquor Control Board, 5 Com. Ct. 33 (1972).

It is interesting to note that legislation is before the General Assembly to provide that the record of all citations shall be considered regardless of any transfer from person to person.[2] However, this change has not yet been enacted into law and the democratic process as well as the constitutional doctrine of the separation of powers denies to this or any court the power to rewrite the statutory law.

None of the cases cited by appellee are on point. Sterling's Appeal, 61 D. & C. 206 (1947), involves an appeal from the refusal of the Liquor Control Board to issue a restaurant liquor license in place of a retail dispenser's license. The application was rejected because of the bad reputation of the premises and the case held that this finding would not be disturbed where it appeared that the applicants had been guilty of a series of violations. This was an application for a transfer in place and the board's finding of fact was supported by testimony.

And in Rizzo Liquor License Case, 174 Pa. Superior Ct. 457 (1953), the issue was the applicant's reputation and the case held that there was ample credible evidence to support the finding of the board that the applicant was not a responsible person of good reputation. Here, there is no question that the owner of the transferee corporation bears a good reputation. In Koehler's Bar, Inc. Liquor License Case, 204 Pa. Superior Ct. 25 (1964), the question was whether

2. House Bill 2179.

there was sufficient evidence to justify a finding by the board that transfer of a license would be detrimental. The case involved a transfer to a new location and there was statutory authority for the board to refuse such a transfer if it would be detrimental to the new neighborhood.

Appellee's remaining cases all concern the issue whether the corporate veil should be pierced. They are inapposite because there is no evidence of any attempt to hide behind a corporate identity.

Accordingly, we make the following

## ORDER

And now, November 17, 1972, it is directed that the Pennsylvania Liquor Control Board approve appellant's transfer application.