**In re APPLICATION FOR LIQUOR LICENSE OF Anthony W. THOMAS.**

**Appeal of Anthony W. Thomas.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2003.

Decided July 25, 2003.

Arnold Y. Steinberg, Pittsburgh, for appellant.

David A. Neely, Pittsburgh, for appellee.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and MIRARCHI, Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Anthony W. Thomas appeals from the order of the Court of Common Pleas of Beaver County (trial court) granting the motion of the Township of Independence, Beaver County (Township) to quash Thomas' appeal from a decision of the Liquor Control Board (LCB) to deny an intermunicipal transfer of a liquor license. We affirm.

On March 8, 2001, Thomas filed an application with the LCB for an intermunicipal transfer of a liquor license from Ambridge Borough, Beaver County to a

location in the Township. After a public hearing, the Township Board of Supervisors denied the request for transfer. A hearing was thereafter held before the LCB, which remanded the matter to the Township for another public hearing on the transfer request, pursuant to Section 461(b.3) of the Liquor Code.[1] Section 461(b.3) provides:

An intermunicipal transfer of a [liquor] license or issuance of a license for economic development under subsection (b.1)(2)(i) must first be approved by the governing body of the receiving municipality when the total number of existing restaurant liquor licenses and eating place retail dispenser licenses in the receiving municipality exceed one license per three thousand inhabitants. Upon request for approval of an intermunicipal transfer of a license or issuance of an economic development license by an applicant, at least one public hearing shall be held by the municipal governing body for the purpose of receiving comments and recommendations of interested individuals residing within the municipality concerning the applicant's intent to transfer a license into the municipality or acquire an economic development license from the Pennsylvania Liquor Control Board. The governing body shall, within forty-five days of a request for approval, render a decision by ordinance or resolution to approve or disapprove the applicant's request for an intermunicipal transfer of a license or issuance of an economic development license. The municipality must approve the request unless it finds that doing so would adversely affect the welfare,

health, peace and morals of the municipality or its residents. A decision by the governing body of a municipality to deny the request may be appealed to the court of common pleas in the county in which the municipality is located. A copy of the approval must be submitted with the license application.

At the time of the application, the Township had approximately 2800 residents, and there was already at least one existing liquor license in the Township. Thus, the Township's quota was filled, necessitating the Township's approval of an intermunicipal transfer of another license pursuant to Section 461(b.3). This case does not involve the issuance of a license for economic development pursuant to Section 461(b.1) of the Liquor Code, 47 P.S. § 4–461(b.1).

The Township held a public meeting pursuant to the LCB's remand on February 6, 2002. At a regular meeting of the Township Board of Supervisors held on April 3, 2002, a unanimous motion was passed determining that Thomas' application for an intermunicipal transfer of a liquor license would have an adverse effect on the health, welfare, peace, and morals of the Township. Therefore, the transfer was not approved.[2] Thomas was notified of the decision of the Board of Supervisors by letter dated April 4, 2002, *but he did not appeal the Board's decision to the trial court.* Rather, on May 8, 2002, Thomas appealed the subsequent decision of the LCB denying the transfer. Although the LCB opined that the Township's determination that the transfer would have an adverse effect on the community's health, welfare, peace, and morals was speculative,

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–461(b.3). It appears that the prior Township hearing was not transcribed.

2. Among the reasons stated by the Board for its decision were the findings that the proposed location of the liquor license is on a dangerous section of a heavily-traveled state highway, in close proximity to recreational areas and schools, and that a liquor license at this location would create additional traffic in the area.

it determined that it nevertheless had to deny the transfer because Thomas failed to acquire Township approval as required by Section 461(b.3).

■ On appeal, the trial court granted the Township's petition to intervene and thereafter granted the Township's motion to quash. The trial court determined that pursuant to Section 461(b.3), Thomas' appeal was required to be from the decision of the Township, not the order of the LCB. Therefore, the trial court concluded that it could not review Thomas' appeal. Thomas thereupon filed the present appeal with this Court.[3]

Thomas, quite inappropriately for appellate argument, focuses a large part of his argument on the merits of whether or not he should be granted an intermunicipal transfer of a liquor license, and he requests that we enter an order "in support of [the] transfer taking place." Thomas Brief, p. 22. The issue before us, however, is procedural: whether the trial court erred by quashing Thomas' appeal. Since the trial court quashed the appeal, it did not review the merits of either the Board decision or the LCB decision. Therefore, issues regarding the merits of the denial of the transfer are not before us.

To the extent that Thomas even remotely addresses the trial court's decision to quash, he does so without any reference to the trial court's jurisdiction and without reference to any case law. He argues that (1) the Board failed to adhere to the requirements of Section 461(b.3) because its decision was beyond the forty-five day pe-

riod and because the decision did not take the form of a "resolution" or "ordinance," and (2) Section 461(b.3) is inapplicable in any event because it allegedly did not become effective until January 1, 2002, after he filed his application with the LCB.[4]

Regarding the latter argument first, we note that Section 461(b.3) became effective within 60 days of the Act of December 20, 2000, P.L. 992 (Act 2000–141), amending Section 461. Act 2000–141 did provide that subsections (b.1) and (b.2) would not take effect until January 1, 2002. Those subsections, however, pertain to economic development licenses, which are not relevant to the present matter. When Thomas filed his LCB application on March 8, 2001, Section 461(b.3) was in effect.

■ Regarding the argument that the Board failed to comply with Section 461(b.3), we first note that the Board, at its regular meeting, voted on and passed a motion denying the intermunicipal transfer on the grounds that the transfer would adversely affect the health, welfare, peace, and morals of the Township. Although the motion did not carry the formal title of "Resolution," it was clearly no different, being an official act of the Board in its regular course of business. As the Superior Court stated: "A resolution is an informal enactment of a temporary nature, providing for the disposition of a particular piece of administrative business; it is not a law and there is no difference between a resolution and a motion." *Wynne v. Township of Lower Merion,* 181 Pa.Super. 524, 124 A.2d 487, 491 (1956), quoting

---

**3.** This Court's scope of review in a liquor license case is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or an abuse of its discretion. *Pennsylvania Liquor Control Board v. Bartosh,* 730 A.2d 1029 (Pa.Cmwlth. 1999).

**4.** Although Thomas does not so state, we assume that he implies that he did not have to appeal the Board's decision to the trial court based on these two issues, but could wait until the LCB entered its decision.

*Commonwealth ex rel. Tarner v. Bitner,* 294 Pa. 549, 555, 144 A. 733, 735 (1929).

■ We next note that although the Board did not pass the motion within forty-five days of the hearing, Section 461(b.3) does not provide for a deemed approval of any matter not decided within a certain time. The imposition of a deemed approval is inappropriate where the legislature does not specifically provide for such relief. *See Mickens–Thomas v. Pennsylvania Board of Probation & Parole,* 699 A.2d 792 (Pa.Cmwlth.1997). The LCB's Advisory Notice No. 19, issued to "All Retail Licenses and Municipalities," [5] provides that the remedy for an applicant when a municipality denies a transfer or refuses to issue a decision is to appeal to the trial court. This appears to be the clear intent of Section 461(b.3).

■ The Liquor Code does not provide an applicant for an intermunicipal transfer with a choice of routes for appeal when the governing body of the receiving municipality denies the transfer. Section 461(b.3) provides that the appeal from a decision of the municipality denying the transfer is *directly* to the trial court. Moreover, Section 461(b.3) provides that a "copy of the [municipality's] approval *must* be submitted" to the LCB with the application for transfer. The plain reading of this section is that an applicant for an intermunicipal transfer must either initially obtain approval from the receiving municipality or appeal the denial of the application directly to the trial court.

■ Section 464 of the Liquor Code, 47 P.S. § 4–464, does provide for an appeal by the receiving municipality from a decision of the LCB to the trial court for a *de novo* hearing when the LCB grants an intermunicipal transfer of a liquor license. Section 464 does not, however, similarly provide for an appeal to the trial court from an aggrieved applicant. In fact, this section is silent as to an aggrieved applicant for an intermunicipal transfer. Thus, reading Sections 461(b.3) and 464 together, the legislative intent is clear that an aggrieved party seeking an intermunicipal transfer must appeal the receiving municipality's denial of the transfer directly to the trial court and not wait until the LCB ministerially denies the transfer for lack of municipal approval.

■ We must further note that there is an important difference when the appeal is from the governing body of a municipality as opposed to the LCB. In *SSEN, Inc. v. Borough Council of the Borough of Eddystone,* 810 A.2d 200 (Pa.Cmwlth.2002), we concluded that the trial court's standard of review is different when the appeal is from the governing body of a municipality as opposed to the LCB. In the former case, the trial court's standard of review is governed by Section 754 of the Local Agency Law, 2 Pa.C.S. § 754. In the latter case, the trial court's standard of review is governed by Section 464 of the Liquor Code, providing for a hearing *de novo*. Thus, the ramifications of Thomas' failure to appeal the Township's denial of transfer in this case go well beyond the simple question of whether the appeal should be filed with the trial court or with the LCB.

Accordingly, the trial court correctly determined that Thomas' failure to follow the requirements of Section 461(b.3) mandated that his later appeal from the decision of the LCB be quashed. The order of the trial court is therefore affirmed.

### ORDER

AND NOW, this 25th day of July, 2003, the order of the Court of Common Pleas of

---

**5.** Liquor Control Board Advisory Notice No. 19, p. 1.

Beaver County in the above-captioned matter is affirmed.