**AWT BEAVER INDEPENDENCE DELI, INC., t/a Beaver Independence Deli**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania Liquor Control Board**

**Appeal of: Township of Independence, Beaver County, Pennsylvania.**

**AWT Beaver Independence Deli, Inc., t/a Beaver Independence Deli**

v.

**Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.

Decided June 10, 2005.

See also *In re Application for Liquor License of Anthony W. Thomas,* 829 A.2d 410 (Pa.Cmwlth.2003).

Robert J. Garvin, Pittsburgh, for appellant, Township of Independence Beaver County, Pennsylvania.

David B. Schlechter, Asst. Counsel, Harrisburg, for appellant, Pennsylvania Liquor Control Board.

Charles L. Caputo, Pittsburgh, for appellee, AWT Beaver Independence Deli, Inc., t/a Beaver Independence Deli.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Pennsylvania Liquor Control Board (Board) and the Township of Independence, Beaver County, Pennsylvania (Township), appeal respective orders of the Court of Common Pleas of Beaver County (common pleas) that reversed the Township's and the Board's denials of applications by AWT Beaver Independence Deli, Inc. t/a Beaver Independence Deli (AWT), for approval of an intermunicipal transfer of a liquor license pursuant to Section 461(b.3) of the Liquor Code (Code).[1]

Section 461 provides in pertinent part:

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–461(b.3).

*An intermunicipal transfer of a license ... must first be approved by the governing body of the receiving municipality when the total number of existing restaurant liquor licenses and eating place retail dispenser licenses in the receiving municipality exceed one license per three thousand inhabitants.* Upon request for approval of an intermunicipal transfer of a license or issuance of an economic development license by an applicant, at least one public hearing shall be held by the municipal governing body for the purpose of receiving comments and recommendations of interested individuals residing within the municipality concerning the applicant's intent to transfer a license into the municipality.... The governing body shall, within forty-five days of a request for approval, render a decision by ordinance or resolution to approve or disapprove the applicant's request for an intermunicipal transfer of a license.... The municipality must approve the request unless it finds that doing so would adversely affect the welfare, health, peace and morals of the municipality or its residents. *A decision by the governing body of the municipality to deny the request may be appealed to the court of common pleas in the county in which the municipality is located.*

47 P.S. § 4–461(b.3) (emphasis added).

This is not the first time this matter has been before this court. In March 2001, Anthony W. Thomas, sole stockholder and officer of AWT, submitted an application in his own name for an intermunicipal transfer of the same license and location as those in the current proceedings. The Township held a public hearing and subsequently denied the request for municipal approval. After a hearing before the Board, the Board remanded the case to the Township for another public hearing

pursuant to Section 461. After the second public hearing, the Township again denied approval, concluding that the transfer would have an adverse affect on the health, welfare, peace and morals of the Township. The Board then denied the transfer application for failure to obtain municipal approval. Thomas appealed the Board's decision to common pleas, but never appealed the decision of the Township refusing municipal approval. The Township filed a Petition to Intervene and then filed a Motion to Quash the Appeal. Common pleas granted the Township's Motion to Quash, concluding that pursuant to Section 461, Thomas should have appealed from the decision of the Township, and not that of the Board. *See In re Application for Liquor License of Anthony W. Thomas,* (C.C.P. Beaver County, No. 78 Misc. 2002, filed October 1, 2002). Our court affirmed, determining that Thomas failed to properly appeal the Township's decision. *See In re Application for Liquor License of Anthony W. Thomas (Thomas I),* 829 A.2d 410 (Pa.Cmwlth.2003), appeal denied, 577 Pa. 699, 845 A.2d 819 (2004).

On December 5, 2003, AWT filed the instant application with the Board for intermunicipal transfer of the same liquor license pursuant to Section 461. The Board returned the application to AWT, indicating that Section 461 of the Code required that municipal approval of Independence Township (the receiving municipality) be attached to the application. AWT again requested permission from the Township for the intermunicipal transfer of the license. The Township held a public hearing and subsequently denied AWT's request on the ground that the transfer would be detrimental to the public health, safety and welfare of the citizens of the Township.

AWT filed two appeals with common pleas. In the first appeal, AWT chal-

lenged the Board's refusal to process the transfer application without municipal approval. In the second appeal, AWT challenged the Township's denial of approval for the transfer. After a hearing, common pleas entered an order in favor of AWT in both cases, concluding, *inter alia*, that: (1) AWT was not required to obtain municipal approval for the transfer, pursuant to Section 461; and (2) the Township erred in denying the transfer since substantial evidence did not support the Township's determination that the transfer would be detrimental to the welfare, health, peace and morals of the Township. The Board and the Township have filed the present appeals, which were consolidated by this court.

■ On appeal, the Township first argues that, as a threshold matter, common pleas erred in failing to apply the principles of res judicata and/or collateral estoppel to bar the relitigation of AWT's license transfer. According to the Township, the determination in the previous action that the proposed transfer of the license would adversely impact the welfare, health, peace and morals of the community bars the relitigation of these issues in the current application since AWT failed to appeal that prior determination of the Township.

We disagree. This court has previously noted that the Code and the regulations promulgated thereunder do not limit the number of applications permitted to be filed for the same premises. *See In re Appeal of Citizens for Improvement of N.52nd Street Area*, 213 Pa.Super. 46, 245 A.2d 725 (1968); *West Reading Tavern*,

*Inc. v. Pennsylvania Liquor Control Bd.*, 710 A.2d 648 (Pa.Cmwlth.1998). In *West Reading Tavern*, the Board approved the second application filed by a bistro for a new liquor license pursuant to Section 461. A nearby tavern challenged the Board's order, which was subsequently affirmed by common pleas. On appeal to our court, the tavern argued that the bistro's second application for a liquor license was barred by res judicata because the Board had previously denied the bistro's first application. We disagreed, stating in pertinent part:

> The question of conclusiveness and finality of any administrative determination involves many factors, including the terms of the statute, the substance and effect of the order.... The doctrine of res judicata is not applicable to this situation. The Liquor Code makes no restriction regarding the number of times a person may apply for a transfer, despite the fact that it fully and in great detail encompasses the field of liquor licensing and regulation. Had the legislature intended that there be a limit on the applications, so basic a matter, it would have so provided. (citations omitted).

*Id.* at 650 [citing *In re Haase*, 184 Pa.Super. 356, 134 A.2d 682 (1957)]. Accordingly, we reject the Township's first contention.

■ Next, the Board argues that common pleas improperly concluded that Section 461 does not require AWT to obtain municipal approval for the transfer.[2] According to the Board, municipal approval

2. Common pleas reasoned:

[o]ur interpretation of § 4–461(b.3) is that inter-municipal approval is only required when the *current or existing* number of licenses exceeds the allotted quota for the receiving municipality. In this case, there is only one (1) license issued for Independence Township, and as such the allotted quota for said municipality is currently met or full, but is not exceeded, and therefore, municipal approval is not required.

*AWT Beaver Independence Deli, Inc. v. Pennsylvania Liquor Control Bd.*, slip op. at 2–3 (C.C.P. Beaver County, No. 51 Misc.2004, filed May 25, 2004) (emphasis in original).

*was* required because "one license already existed for only .[2,802] residents, [and, therefore,] the quota of one (1) license per [3,000] residents as set forth in the statute was exceeded...." Brief of Appellant at 10. We agree. We previously addressed this issue in *Thomas I:*

> At the time of the application, the Township had approximately 2,800 residents, and there was already at least one existing liquor license in the Township. Thus, the Township's quota was filled, necessitating the Township's approval of an intermunicipal transfer of another license pursuant to Section 461(b.3).

*Thomas I,* 829 A.2d at 412.

In the present matter, the population has not changed since our decision in *Thomas I;* it remains at approximately 2,800 people.[3] As the Board of Supervisors determined, one licensed premises already existed in Independence Township at the time of AWT's application.[4] Thus, municipal approval was still required since the quota was filled and neither the number of residents nor the existing licenses in the Township had changed since *Thomas I.* Therefore, common pleas erred in concluding that municipal approval was not required. Accordingly, we reverse common pleas' order in the appeal from the order of the Board.

■ The final issue raised by the Township is whether common pleas erred in determining that substantial evidence did not support the Township's decision that AWT's license transfer would adversely affect the welfare, health, peace and morals of the township.

Our legislature has established the principle that a licensed establishment is not ordinarily detrimental to the welfare, health and morals of a neighborhood or its residents. *SSEN Inc. v. Borough Council,* 810 A.2d 200 (Pa.Cmwlth.2002). In *SSEN,* we explained that a municipality's refusal to approve a request for intermunicipal approval of a liquor license transfer must be based on substantial evidence that the transfer would be detrimental to the neighborhood or its residents. There, we held that testimony intending to demonstrate increased traffic hazards, parking problems, drinking and driving under the influence, which would result from the approval of the transfer was, at most, general and speculative and therefore insufficient to support the conclusion that the transfer would adversely affect the neighborhood or its residents. *Id.* at 208.

In the instant matter, the Township Board of Supervisors made the following pertinent conclusions in denying AWT's license transfer application:

(a) The applicant was evasive with respect to the hours of operation, type of operation, amount of seating, and whether a separate bar area would be established.....

(b).... The addition of another license facility in Independence Township, making a total of three (3), is out of character with the community and surrounding communities, given the limited number of licenses in adjoining communities....

(c) The applicant was unable to satisfactorily establish that the proposed location has an operational sewage disposal system in place for the proposed operation....

---

3. The Township's population was based on the year 2000 census. *See* Board of Supervisors of Independence Township, Findings of Fact and Conclusions of Law at 3 (dated March 3, 2004).

4. The Board of Supervisors listed two licensed premises within the Township in its Findings of Fact, but only one counted toward the quota. *Id.*

(d) The proposed facility is in close proximity to many public non-licensed facilities, including churches, schools and recreational areas ... and as such, would have a negative impact on the use and enjoyment of these facilities.

Board of Supervisors of Independence Township, Findings of Fact and Conclusions of Law at 6 (dated March 3, 2004).

Here, the record lacks any specific evidence indicating that the license transfer would be detrimental to the Township or its residents. Although several residents expressed concerns regarding the possible dangers of alcohol-related problems and increased trash in the area, we note that little objective evidence was presented by the Township. Testimony intending to demonstrate a negative impact on the use and enjoyment of nearby facilities and other possible dangers of alcohol-related problems was merely general and too speculative.[5] *See SSEN*, 810 A.2d at 208; *see also, K & K Enter., Inc. v. Pennsylvania Liquor Control Bd.*, 145 Pa.Cmwlth. 118, 602 A.2d 476 (1992) (testimony of witnesses conveying general fears and not providing specific details is not substantial evidence of alleged detrimental effect of transfer of license). With respect to septic system concerns, we note that the proposed site had been operating as a deli for approximately five years under proper zoning and occupancy permits and no evidence was offered indicating that the addition of alcoholic beverages would have detrimental effects on the existing septic system. Further, we disagree with the Township's contention that Mr. Thomas' failure to adequately respond to inquiries regarding the proposed facility "raise[ed]

substantial questions as to the type and manner of operation of the proposed facility which directly impacts the health, safety and welfare of the community." *See* Brief of Appellant (Township) at 18. We agree with common pleas that Mr. Thomas' testimony that he intended to operate the deli in a manner similar to a Pizza Hut restaurant was sufficient for purposes of determining whether or not the transfer would have been detrimental to the Township.

Because the Township's evidence was not sufficient to conclude that the transfer would adversely affect the Township or its residents, common pleas properly reversed the Township's determination. Accordingly, we affirm common pleas' decision.

### *ORDER*

AND NOW, this 10th day of June, 2005, the order of the Court of Common Pleas of Beaver County pertaining to the Township's appeal in the above captioned matter is hereby AFFIRMED, and the order of the Court of Common Pleas of Beaver County pertaining to the Board's appeal is hereby REVERSED.

---

5. For example, during the hearing, one objector testified that:

> Our objections are for deep, personal reasons, because we have seen what drinking and driving can do. We see a notice almost every day in the newspaper about an alco-hol-related accident. We don't want to read about it happening here because of an establishment serving alcohol ... where our family and friends live.

N.T. at 54–55.